UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ADONIS MURPHY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>J. CLARK KELSO, et. al, )<br>)<br>Defendants. )<br>) | Case No.: 1:12-cv-00309-JLT (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 4) |

      Plaintiff Gregory Adonis Murphy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Initially, Plaintiff filed his complaint in the U.S. District Court, Northern District of California on October 4, 2012 and the matter was transferred to this Court on March 1, 2012. (Doc. 1, 4, 6 and 7). Plaintiff consented to the jurisdiction of the Magistrate Judge on April 6, 2012. (Doc. 9).

      As is required, the Court now screens the complaint (Doc. 4) and for the reasons set forth below, the Court **DISMISSES** the complaint with **leave to amend**.

I.     SCREENING REQUIREMENT

      Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds *in forma pauperis* if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the

1

irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## II. PLEADING STANDARDS

### A. Fed. R. Civ. P. 8(a)

The Federal Rules of Civil Procedure provide the general standards for pleading complaints. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief;

conclusions in the pleading are not entitled to the same assumption of truth. Id. The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### B.  42 U.S.C. § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

### III.  PLAINTIFF'S COMPLAINT

Plaintiff is incarcerated at the California Substance Abuse Treatment Facility and State Prison located in Corcoran, California. (Doc. 4 at 1). Plaintiff suffers from diabetes, asthma, severe lower back pain, and edema in his lower extremities. Id. at 3, 5. In addition, Plaintiff has experienced hearing loss, severe lower back pain, and reoccurring staph infections since March of 2009. Id. at 3.

While Plaintiff indicates that his medical conditions were unavoidable, he also alleges that the California Department of Corrections and Rehabilitations officials are sacrificing his health in an effort to balance a budget. Id. at 3, 5. Plaintiff avers that he is denied "sufficient and wholesome food." Id. Finally, Plaintiff claims he is exposed to significant amounts of dust in his cell each day. Id.

Plaintiff requests that that his minimum health care be "no less than end stage/palliative." Id. at 5. Plaintiff petitions the Court to take over Plaintiff's medical care. Id. at 3. In the alternative, Plaintiff requests that the Court order the CDCR to provide Plaintiff certain medical care. Id. at 3.

### IV.  DISCUSSION

### A. § 1983 claims against employees in their official capacity violates the Eleventh Amendment.

Plaintiff appears to name Defendants Kelso, Allison, and Enenmoh in their official capacities.

(Doc. 4 at 2-3). However, naming an employee in his official capacity is "in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The Eleventh Amendment provides immunity to any State in any type of lawsuit "... in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. Therefore, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). Therefore, the complaint in the Defendants' official capacities as it relates to the § 1983 claim, is **DISMISSED.**

### B. Plaintiff fails to state a claim of inadequate medical care in violation of the Eighth Amendment.

To establish a violation of the Eighth Amendment based on inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical need[]." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, the plaintiff must show the existence of (1) a serious medical need and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). Indications that a person has a serious need for medical treatment include: the existence of an injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. McGuckin, 974 F.2d at 1059-60 (citations omitted).

A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. See Farmer v. Brennan, 511 U.S. 825, 837-42 (1994); Jett, 439 F.3d at 1096. Deliberate indifference may appear when a defendant denies, delays, or otherwise interferes with medical treatment. See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Nevertheless, "[d]eliberate indifference is a high legal standard." Toguchi v. Chung,

391 F.3d 1051, 1060 (9th Cir. 2004). "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Plaintiff has failed to state a claim for inadequate medical care against any of the Defendants. Assuming *arguendo* that Plaintiff suffers from a serious medical condition, Plaintiff does not plead any allegations that would give rise to deliberate indifference to a medical condition on the part of the Defendants. Plaintiff avers that he suffers from dust in his cell, is required to "602 in order to receive basic medical care," and receives inadequate food. (Doc. 4 at 3, 5). However, these allegations are not attributed to any personal act by any Defendant and Plaintiff does not indicate how any Defendant denied, delayed or otherwise interfered with Plaintiff's medical treatment. Thus, the complaint is **DISMISSED with leave to amend**.

### C. The Court cannot grant the relief which Plaintiff seeks.

Plaintiff requests that the Court order Defendants to provide Plaintiff with end-stage or palliative care. (Doc. 4 at 5-6). Plaintiff is advised that the Court's jurisdiction is limited to matters "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To the extent that Plaintiff asserts a cause of action that implicates his rights under the Eighth Amendment for Defendants' failure to supply adequate medical care, the Court can sit in judgment. *See e.g.,* Estelle v. Gamble, 429 U.S. 97 (1976). However, it is not within the purview of the Court to supervise the daily administration of state prisons. Meachum v. Fano, 427 U.S. 215, 229 (1976). Similarly, a determination of exactly what medical care Plaintiff requires is beyond the scope of the Court, and is a decision best left to the qualified medical staff.[1] In filing an amended complaint, Plaintiff is advised that he must request a remedy which the Court has the power to grant. Therefore, the Court **DISMISSES** the complaint and **GRANTS** Plaintiff leave to file an amended complaint.

## V.   LEAVE TO AMEND

The Court will provide Plaintiff a <u>final</u> opportunity to amend his pleading to cure the deficiencies noted in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro

---

[1] Notably, the fact that Plaintiff disagrees with the medical decisions made by his doctors does not state a constitutional violation. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996).

se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his first amended complaint, **Plaintiff must address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in an order dismissing this action.**

In addition, Plaintiff is cautioned that in his first amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files his first amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the first amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## VI.  ORDER

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's complaint is (Doc. 4) is **DISMISSED with leave to amend**;

2. Within 21 days from the date of service of this order, Plaintiff may file an amended complaint that addresses the deficiencies set forth in this order. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint";

3. The Clerk of the Court is **DIRECTED** to send Plaintiff the form complaint for use in a civil rights action; and

4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **April 3, 2013**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE