# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ADONIS MURPHY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KELSO, et al.,<br><br>　　　　Defendants. | Case No.  1:12-cv-00309-LJO-JLT (PC)<br><br>**ORDER FORWARDING A COPY OF DEFENDANTS' RESPONSE TO THE MARSHAL'S REQUEST FOR REIMBURSEMENT OF COSTS OF SERVICE and REQUIRING CLARIFICATION FROM THE MARSHAL AS TO SERVICE EFFORTS**<br><br>**(Docs. 26, 34)**<br><br>**30-DAY DEADLINE** |

　　　　Plaintiff, Gregory Adonis Murphy, is a state prisoner proceeding pro se and informa pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on August 30, 2011.  (Doc. 1.)  Plaintiff filed the First Amended Complaint on June 27, 2013.  (Doc. 17.)  On July 25, 2013, the Court issued an order for this action to proceed on the First Amended Complaint against Defendants Allison, Enenmoh, and Metts ("Defendants").  (Doc. 18.)  On August 7, 2013, the Court ordered the United States Marshal ("Marshal") to serve process on Defendants.  (Doc. 20.)

　　　　On April 17, 2014, the Marshal filed a USM-285 form indicating that on March 6, 2014, personal service was effected upon Defendants.  (Doc. 25.)  That same day, the Marshal filed a request for a court order requiring Defendants to reimburse the costs incurred by the Marshal for personal service ("Marshal's Request"), pursuant to Rule 4(d)(2) of the Federal Rules of Civil

1

1 Procedure. (Doc. 26.) Defendants filed their response and indicated that a request for waiver of
2 service was never received, but failed to serve their response on the Marshal's Office. (Doc. 34.)
3       Given Defendants' response, the proofs of service provided by the Marshal were reviewed.
4 (Doc. 25.) The proofs of service are unclear as to what their efforts at service were prior to
5 personally serving Defendants. The notations in the remarks section of the proof of service
6 indicate "mailed 9-4-13," "FWD 12/9/13," and "assign personal service 2/26/14." (Doc. 25, pp. 1,
7 3, 5.)
8       It is clear enough that the last remark assigned the matter out for personal service, but the
9 first two remarks do not indicate where and on whom service was attempted. Further, the
10 notation "FWD 12/9/13" is unclear as to whether the document was mailed to the same address as
11 attempted in September (wherever that was), or if they made contact with whomever they
12 attempted to serve by mail on September 4th and were advised that the documents had been
13 received and forwarded to some other location (if so, where?), or if service was attempted via a
14 new address that they had received in response to their first service attempt (if so, where?), or if
15 something else altogether was intended via the December 9th notation. Given this, it is extremely
16 difficult to decipher whether sufficient efforts were made prior to assignment for personal service.
17 The Court understands that the Marshal is not represented by counsel, but their efforts must be
18 clear and sufficient before Defendants will be required to reimburse for the costs of personal
19 service.
20       Further, the memorandum in which the Marshal requests reimbursement is phrased in the
21 singular and so it is unclear whether one payment of $85.16 is being requested, or if it seeks
22 $85.16 for each proof of service which would amount to a payment of $255.48. Further, it
23 appears that all three Defendants were personally served at the same address and all three proofs
24 of service, though difficult to decipher for certain, appear to note "108 miles RT." If served at the
25 same address in one trip, the Marshal may only be entitled to one payment for mileage. It is
26 unclear whether the Marshal is attempting to get triple payment for the mileage driven, or if the
27 Marshal divided the total miles driven to accomplish personal service by three to arrive at 108
28 miles attributable to each Defendant.

Given that Defendants did not serve the Marshal with a copy of their response, one is being provided herewith. Further, the Marshal is granted the opportunity to clarify the details of their service attempts prior to personally serving Defendants by filing a new proof of service and a new request for reimbursement detailing the specific amount requested.

Accordingly, IT IS HEREBY ORDERED that:

(1) within thirty days from the date of service of this order, the Marshal shall file new proofs of service detailing efforts taken to serve each Defendant prior to assignment for personal service, a new request for reimbursement detailing the specific amount requested, and any further documentation they feel will assist the Court in this matter;  and

(2) the Clerk of the Court is directed to serve a copy of the Defendant's response to the request for reimbursement, filed May 28, 2014 (Doc. 34), to the United States Marshals Service along with a copy of this order.

IT IS SO ORDERED.

Dated:   **August 1, 2014**              **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE