# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GREGORY ADONIS MURPHY,

Plaintiff,

v.

KELSO, et al.,

Defendants.

**Case No. 1:12-cv-00309-LJO-JLT (PC)**

**ORDER GRANTING MARSHAL'S REQUEST FOR REIMBURSEMENT OF COSTS OF SERVICE**

**(Docs. 25, 26, 34, 36)**

**30 DAY DEADLINE**

Plaintiff, Gregory Adonis Murphy, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 30, 2011. (Doc. 1.) Plaintiff filed the First Amended Complaint on June 27, 2013. (Doc. 17.) On July 25, 2013, the Court issued an order for this action to proceed on the First Amended Complaint against Defendants Allison, Enenmoh, and Metts ("Defendants"). (Doc. 18.) On August 7, 2013, the Court ordered the United States Marshal ("Marshal") to serve process on Defendants. (Doc. 20.)

On April 17, 2014, the Marshal filed a USM-285 form indicating that on March 6, 2014, personal service was effected upon Defendants. (Doc. 25.) That same day, the Marshal filed a request for a court order requiring Defendants to reimburse the costs incurred by the Marshal for personal service ("Marshal's Request"), pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. (Doc. 26.) Defendants filed their response (which they did not serve on the Marshal's Office) and indicated that a request for waiver of service was never received. (Doc.

34.) Given Defendants' response, the proofs of service provided by the Marshal were reviewed and the Marshal was given opportunity to clarify notations of service efforts on their proofs (Doc. 35) which they provided (Doc. 36).

The Marshal's clarification advised that service via the U.S. Postal Service was attempted on September 4, 2013 by mailing the documents for service and waivers to CSATF at P.O. Box 7100, Corcoran, CA 93212-7100. *Id.* When no response was received, the CSATF Litigation Coordinator ("Lit. Co.") was contacted who indicated this case was not in his log and requested another packet for each Defendant either be mailed again or emailed. *Id.* Thus, the Marshal again mailed the documents for service of process on December 9, 2013. *Id.* Since executed waivers were not received, on February 26, 2014, new service packets were generated and assigned to a Deputy for personal service, which was accomplished. *Id.*

Defendants argue that there is no proof or evidence that the Marshal's Office placed the documents in the mail after the email exchange with the CSATF Lit Co. (Doc. 37.) They further argue that since they have provided a declaration from the current CSATF Litigation Coordinator that no one past or present recalls ever receiving the waiver of service forms, there is no good cause to order Defendants to reimburse the costs of personal service. *Id.*

However, the USM-285 forms submitted (Doc. 36, pp. 3-5) constitute proofs of service where the Marshal's Office has been utilized. Whether any past or present CSATF Litigation Coordinator recalls receiving the waiver of service forms is irrelevant. The Marshal's USM-285 forms are sufficient to prove service by mailing on both September 4, 2013 and December 9, 2013. The Marshal's Office is thus entitled to payment for efforts to personally serve Defendants Kathleen Allison, Anthony Enenmoh, M.D., and J. Metts, M.D.

In their response, the Marshal's Office increased the amount of reimbursement fees they are requesting. Originally, the amount requested was $85.16 per Defendant which was arrived at by dividing three ways both the 108 round trip miles at $0.56/mile (for a sum of $20.16 per Defendant) and the three hours of deputy time at $65/hour (for a sum of $65 per Defendant). In their response, the Marshal's Office increased the reimbursement by adding two more hours of Deputy time and dividing that three ways for a total of $128.49 per Defendant. The Court finds

no basis to assess the additional two hours of Deputy time -- particularly given that the original USM-285 forms showed that all three Defendants were served by one Deputy in three hours with 108 round trip miles which was to be split three ways. Thus, the Marshal's Office is entitled to reimbursement for personal service fees by Defendants Kathleen Allison, Anthony Enenmoh, M.D., and J. Metts, M.D. in the sum of $85.16 each, for a total payment of $255.48.

Accordingly, it is HEREBY ORDERED that, within 30 days of the date this order issues, Defendants Kathleen Allison, Anthony Enemoh, M.D., and J. Metts, M.D. are to each pay the Marshal's Office the sum of $85.16, for a total payment of $255.48.

IT IS SO ORDERED.

Dated: **August 13, 2014**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE