# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ADONIS MURPHY,<br><br>  Plaintiff,<br><br>  v.<br><br>KELSO, et al.,<br><br>  Defendants. | Case No.  1:12-cv-00309-LJO-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CHANGE OF VENUE**<br><br>**(Doc. 54)** |

In this action, Plaintiff claims he suffered deliberate indifference to his serious medical needs in violation of the Eighth Amendment resulting in permanent injury.

On November 21, 2014, Plaintiff filed a motion requesting a change of venue to transfer this action to another court because he feels that he is being held to the letter of the law, but that defense counsel is "being allowed to move freely in the spirit of the law," and that he will not get a fair trial in the present venue.  (Doc. 54.)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  "A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ."  28 U.S.C. §1391(b).  The party seeking the transfer must meet an initial threshold burden by demonstrating

that the action could have been brought in the proposed transferee district. 28 U.S.C. §1391(b); 28 U.S.C. § 1404(a); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985); *Park v. Dole Fresh Vegetables, Inc.*, 964 F.Supp.2d 1088, 1093 (N.D.Cal. 2013).

Here, the events at issue occurred at SATF which is within the Fresno Division of the Eastern District of California. While the location of Defendants' residences are not disclosed, given their employment at SATF, it is more likely than not that they also reside in the Fresno Division of the Eastern District of California. Further, Plaintiff has not even indicated where he would like this action to be transferred – let alone demonstrated that the action could have been brought in another district/division. Finally, to the extent that Plaintiff is relying on the "interest of justice" portion of section 1404(a) by arguing that he does not feel he will receive a fair trial in the current venue, his complaints that he is being held to the letter of the law while defense counsel is being allowed to move freely within the spirit of the law, is not founded upon any reasonable grounds. It appears his complaints stem from the fact he has been denied appointment of counsel which, unfortunately, given the incredible volume of *pro se* inmate litigants in this jurisdiction and the dearth of attorneys who have indicated they are agreeable to taking these cases.[1]

///
///
///
///
///
///
///

---

[1] The Court recognizes that it is difficult for a person who has not been schooled in the law to litigate a case. However, though Plaintiff is entitled to more deferential treatment than he would otherwise receive if he was represented by a lawyer—and he has received that—this does not mean that he is not mean that the Court may ignore the law toward that end. Every court in this state—indeed, every court in this Circuit—no matter where it is situated, is bound by the same obligation to serve the law. For example, the fact that the Court denies this motion does not mean it is being too hard on Plaintiff; it means that he has failed to set forth any possible grounds that would allow the relief he seeks.

Accordingly, it is HEREBY ORDERED that, in light of Plaintiff's failure both to indicate the district that he desires to have this case transferred to and to meet the initial threshold burden of demonstrating that this action could have been brought in whatever district he desires having this action transferred to, his motion for change of venue, filed November 21, 2014 (Doc. 54), is DENIED.

IT IS SO ORDERED.

Dated:   **January 21, 2015**           **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE