# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ADONIS MURPHY,<br><br>    Plaintiff,<br><br>  v.<br><br>KELSO, et al.,<br><br>    Defendants. | Case No. 1:12-cv-00309-LJO-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT BE DENIED WITHOUT PREJUDICE**<br><br>**(Docs. 50, 52)**<br><br>**OBJECTIONS DUE WITHIN 30 DAYS** |

**I.    Background**

Plaintiff, Gregory Adonis Murphy, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 30, 2011. (Doc. 1.) Plaintiff filed the First Amended Complaint on June 27, 2013. (Doc. 17.) This action is proceeding on Plaintiff's claims in the First Amended Complaint for relief under section 1983 against Defendants Allison, Enenmoh, and Metts for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. (Doc. 18.)

On October 27, 2014, Plaintiff filed a motion for summary judgment. (Doc. 50.) Defendants filed an opposition. (Doc. 52.) It appears that Plaintiff filed an amended motion for summary judgment (Doc. 52) rather than a reply, to which Defendants filed another, very similar, opposition (Doc. 53). Despite lapse of more than sufficient time, Plaintiff did not file a further

reply.   The motions are deemed submitted.  Local Rule 230(l).

## II.     Summary Judgment Standard

Any party may move for summary judgment and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); *Washington Mutual Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case.  *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)).  "But where the moving party has the burden - the plaintiff on a claim for relief or the defendant on an affirmative defense - his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting from W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Issues of Material Fact, 99 F.R.D. 465, 487 (1984)).  Thus, as to Plaintiff's motion for summary judgment, Plaintiff must demonstrate there is no triable issue as to the cognizable matters alleged in his complaint.  *Id*.  This requires Plaintiff to establish beyond controversy every essential element of his Eighth Amendment claim.  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  Plaintiff's evidence is judged by the same standard of proof applicable at trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

If the moving party meets their initial burden, the burden then shifts to the opposing party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp.*, 627 F.3d at 387 (citing *Celotex Corp.*, 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), *cert. denied*, 132 S.Ct. 1566 (2012). The Court determines *only* whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner. *Thomas v. Ponder*, 611 F3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

### III. Plaintiff's Motions

Plaintiff's motions are virtually identical. (*See* Docs. 50, 52.) Aside from formatting,[1] there are only two minor differences between Plaintiff's motions as follows:

(1) In his first motion, Plaintiff states that "ENT Specialist Dr. Kitt recommended petitioner be sent to a UC Hospital to correct his ear trauma. TO NO AVAIL." (Doc. 50, 1:23-24.) In his second motion, Plaintiff states that "ENT Specialist Dr. Kitt recommended petitioner be sent to a UC Hospital to correct his ear trauma. ENT Dr. KITT's RECOMMENDATION WENT UNHEEDED, AND WAS COMPLETELY IGNORED." (Doc. 52, 1:24-25 (emphasis in the original).)

(2) In his first motion, Plaintiff states that he "WAS SENT NOT TO A UC HOSPITAL AS RECOMMENDED BY DR.KITT, but instead to S.A.T.F.'s ENT DR. Suesberry whereupon Dr. Suesberry informed Plaintiff that: AT THIS POINT THERE'S NOTHING I CAN DO FOR YOU BUT

---

[1] In Plaintiff's second motion, each paragraph is numbered.

RECOMMEND HEARING AIDS." (Doc. 50, 2:1-5.) In his second motion, Plaintiff states that "Petitioner was finally sent to a UC Hospital as recommended by Dr. Kitt[2], but instead to another ENT (Dr. Suesberry) whereupon Dr. Suesberry informed Plaintiff that: AT THIS POINT THERE'S NOTHING I CAN DO FOR YOU BUT RECOMMEND HEARING AIDS." (Doc. 52, 2:1-5 (emphasis in the original.)

Thus, Plaintiff's motions are properly jointly considered in this findings and recommendations. Both of Plaintiff's motions are comprised of one document, a mere two pages in length, which he signed under penalty of perjury. (*See* Docs. 50, 52.) As pointed out in Defendants' oppositions, Plaintiff's motions are not accompanied by a "Statement of Undisputed Facts," nor are the specific material facts he relies on to support his motions discretely enumerated or supported by submitted evidentiary documents cited therein as required by Local Rules 260(1) and 133(j). Defendants assert that, because of this, they are unable to properly respond.[3]

It is true that Plaintiff failed to submit a separate "Statement of Undisputed Facts." However, if his motions are clear and specifically identify admissible evidence to support the elements of his claims, it is within the discretion of this court to consider them sans separate "Statements of Undisputed Facts." However, while it is conceivable that a plaintiff may move for summary judgment in certain types of cases supported solely by his own declaration, this is not the type of case where this is sufficient. This action involves Plaintiff's medical condition and Plaintiff is alleging that both the appropriateness and timeliness of the medical care he received violated his rights under the Eighth Amendment to the United States Constitution.

Plaintiff has not shown that he qualifies as an expert witness in order to be able to opine

---

[2] It is not clear if Plaintiff is saying he was sent to a UC hospital or he was not sent to a UC hospital.

[3] Defendants take a very risky tact in refusing to make any effort to assist the Court in determining whether Plaintiff has met his burden of proof. Counsel should have been aware that in the absence of an opposition, had the Court determined Plaintiff had met his burden, it would have been obligated to grant judgment in Plaintiff's favor. The suggestion that Defendants, assisted by trained counsel, were unable to respond because Plaintiff did not provide a Statement Facts, is difficult to accept given the fact that the Court, by expending extra effort, was able discern Plaintiff's meaning and fashion an order. Thus, counsel is strongly urged to consider the instruction provided by the Ninth Circuit Court of Appeals in *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir.2010), in which the Court stated, "courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly."

1   on the appropriateness and timeliness of the medical care he received.  (*See* Fed. R. Evd. 702.)
2   Since he is a lay witness, the only admissible evidence he can provide on his own is limited to
3   opinions that are rationally based on his perception; that are helpful to clearly understanding his
4   testimony or to determining a fact in issue; and are not based on scientific, technical, or other
5   specialized knowledge within the scope of Rule 702 such as medical opinions.  (*See* Fed. R. Evd.
6   701.)

7   Thus, Plaintiff's declarations are admissible only in as much as they show that he tried to
8   obtain medical help through what he believed was the appropriate medical protocol; that he did
9   not receive responses to his inquires of Warden Allison; that he was examined by Dr. Kitt; that
10  time passed after which he was seen by Dr. Suesberry; that Dr. Suesberry told him that the only
11  thing he could do for Plaintiff was recommend hearing aids; that Plaintiff filed a 602 and pursued
12  it through the Third Level; and, that outside agencies were lobbying on Plaintiff's behalf to help
13  him obtain the medical care he needed.  Beyond this, none of the information in Plaintiff's
14  declarations is admissible.

15  Assuming that Plaintiff had a serious medical that implicates the Eighth Amendment, he
16  has failed to provide sufficient evidence that Defendants were deliberately indifferent to it or that
17  he suffered damage as a result. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (to establish a
18  violation of the Eighth Amendment based on inadequate medical care, a plaintiff must
19  demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious
20  medical need[]."); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (a plaintiff must show the
21  existence of (1) a serious medical need and (2) a deliberately indifferent response by the
22  defendant).

23  For example, Plaintiff offers *conclusions* about what occurred without any factual detail
24  about what *actually* occurred.  The First Amended Complaint reveals that on March 12, 2010, he
25  saw Dr. Metts for complaints related to his ear.  (Doc. 17 at 8.)  Though he claims he was
26  diagnosed with an ear infection at that time, he fails to provide any admissible evidence that this

5

is was what occurred.[4] He claims he was not provided any treatment at that time but fails to provide any evidence that the standard of care required treatment. He claims that his condition worsened but fails to explain the period of time that passed or how he knew it was worse other than to state it was "painful." *Id*. At some unspecified date, Plaintiff declares he was examined by a specialist, Dr. Kitt. (Doc. 52 at 1.) Though he asserts that Dr. Kitt referred him to "a U.C. Hospital," he does not provide any admissible evidence to support this claim. Moreover, there is no evidence of the treatment, if any, he was supposed to receive at this hospital or why the treatment could only be given through a referral to "a U.C. Hospital." At some later date, Plaintiff saw Dr. Suesberry who told him there was nothing he could do for him -- though exactly what was asked of Dr. Suesberry at that time is not stated -- and the doctor recommended hearing aids. *Id*. Though Plaintiff claims he suffered a permanent hearing loss as a result of Defendants' actions, he has provided no admissible evidence to support this claim.[5] Thus, Plaintiff has not met his burden to be granted summary judgment on his claims against Defendants Dr. Enenmoh and Dr. Metts.

**VII.    Conclusions and Recommendations**

Accordingly, this Court finds that Plaintiff has not met his burden as the moving party to be awarded summary judgment on his claims against Defendants Dr. Enenmoh and Dr. Metts. Thus, the Court **RECOMMENDS** that the motions for summary judgment filed by Plaintiff on October 27, 2014 (Doc. 50) and November 21, 2014 (Doc. 52) be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

---

[4] Once again, Plaintiff has not shown he has the medical expertise to opine that his diagnosis was an infection related, in some unspecified manner, to his ear.

[5] Though he states he has suffered a hearing loss, how he knows this is not demonstrated. For example, it is not clear whether Plaintiff believes he cannot hear as well as he used to hear or whether auditory testing has occurred. If it is testing, Plaintiff is not qualified to explain the meaning of the test results.

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated: **January 27, 2015**        **/s/ Jennifer L. Thurston**
                                                                 UNITED STATES MAGISTRATE JUDGE